On appellant-cross-respondent's petition for reconsideration filed March 24, and respondent-cross-appellant's response to petition for reconsideration filed March 31; reconsideration allowed; previous opinion (192 Or App 422, 86 P3d 94) modified and adhered to as modified April 28, petition for review denied June 29, 2004 (337 Or 182)

In the Matter of the Marriage of

Vicky Marie HANSON,
*Respondent - Cross-Appellant,*
*and*

Niles Eugene HANSON,
*Appellant - Cross-Respondent.*

15-00-16750; A114572

89 P3d 1226

William G. Wheatley, Maureen A. DeFrank, and Jaqua & Wheatley, LLC, for petition.

Martha L. Walters and Walters Chanti & Zennaché, P. C., *contra.*

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Husband petitions for reconsideration of our opinion in *Hanson and Hanson*, 192 Or App 422, 86 P3d 94 (2004). We allow reconsideration to correct our description of husband's argument, but adhere to our previous opinion in all other respects.

In our previous opinion, we affirmed the trial court's refusal to apply a marketability discount to husband's 100 percent ownership in a closely held corporation. In doing so, we characterized husband's argument, based on *Tofte and Tofte*, 134 Or App 449, 895 P2d 1387 (1995), as follows:

> "Husband's contention that *Tofte mandates* application of a marketability discount is incorrect. Rather, in that case we recognized that a marketability discount *'may* apply' to the valuation of either a minority or majority interest. *Id*. at 456 n 3 (emphasis added). The application of such a discount in *Tofte* itself was appropriate because, in determining the fair market value of the closely held interest there, the husband's expert compared the husband's minority interest in the amusement park to a *'publicly traded* equivalent price.' *Id*. at 458 (internal quotation marks omitted; emphasis added)."

*Hanson*, 192 Or App at 428 (footnote omitted).

On reconsideration, husband correctly points out that, on appeal, he did not contend that *Tofte* mandated the application of a marketability discount in all cases. Rather, he merely contended that *Tofte* stands for the proposition that a marketability discount *may* be applied when valuing a majority interest in a business—and that the specific facts of this case supported application of such a discount.[1]

We modify our previous opinion to correct the above-quoted statement to read as follows:

---

[1] We note that our prior opinion accurately quoted the trial court's letter opinion, which, similarly, phrased husband's argument in terms of *Tofte mandating* "that a marketability discount be applied to all controlling interests of non-publicly traded companies," as opposed to merely recognizing that a marketability discount *may apply* when valuing a majority interest in a business.

"Husband's contention that *Tofte*—together with the specific circumstances presented by this case—requires application of a marketability discount is incorrect. We agree that in *Tofte* we recognized that a marketability discount '*may* apply' to the valuation of either a minority or majority interest. *Id.* at 456 n 3 (emphasis added). In that case, the application of such a discount was appropriate because, in determining the fair market value of a closely held interest there, the husband's expert compared the husband's minority interest in the amusement park to a 'publicly traded equivalent price.' *Id.* at 458 (internal quotation marks omitted)."

Husband next maintains that our inexact characterization of his argument warrants a different result in this case. He suggests that we should either remand the case "for a factual determination and analysis as to whether or not a marketability discount should be applied based on the specific facts of this case," or make that determination alone, "based upon the specific circumstances relevant to this case."

Neither remand nor further reconsideration is warranted. As we explained in our previous opinion, the trial court applied the correct legal standard and correctly assessed the specific circumstances involved in this case. *Hanson*, 192 Or App at 429. Further, in our original opinion, we determined on *de novo* review that, in the circumstances presented here, application of a marketability discount would be inappropriate. *Id.* We adhere to that holding.

Reconsideration allowed; previous opinion modified and adhered to as modified.